## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02311-RPM

MICHAEL CACIOPPO,

      Plaintiff,

v.

DARREN ANDERSON, and
LUKE J. CAUSEY,

      Defendants.

---

## SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER

---

      Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning counsel for Plaintiff's review of Defendants' personnel files and, as grounds therefore, state as follows:

      In this action, pursuant to F.R.C.P. 34, Plaintiff has requested the personnel files of the Defendants. Given that the Town of Vail is no longer a named Defendant in this action, Defendants are of the position that the personnel files are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the alleged illegal search and seizure claims against the individual Defendants. Defendants also take the position that the personnel files contain private and confidential information. Upon review of the files, Defendants are further of the opinion that the files do not contain any information that would otherwise be admissible under the Federal Rules of Evidence.

2.     The Parties assert that the disclosure of such information outside the scope of this litigation and to the Plaintiff at this time could result in significant injury to the Defendants' privacy interests.  The Parties have entered into this Supplemental Stipulation and request the Court enter the within Protective Order for the purpose of facilitating counsel for Plaintiff's review of the requested information and, if necessary, an *in camera* inspection of any disputed documents by the Court.

3.     Plaintiff and Defendants stipulate and agree that should the Court enter this Protective Order, Defendants will label each document within the personnel files as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and counsel for Plaintiff will be able to review the personnel files.

4.     The parties have agreed that prior to counsel for Plaintiff's review of the personnel files, the following documents will be removed from the files and not subject to review:  (1) pre-employment physical, pre-employment psychological test, and any and all medical information within the files; (2) documents relating to pre-employment background investigations conducted of the officers; (3) any financial information from the files; and (4) any private information which compromises officer safety or the safety of family and friends.

5.     Counsel for Plaintiff will be allowed to review redacted job applications, performance evaluations, training materials, commendations, and any disciplinary actions taken against the officers.

6.     Plaintiff and his counsel stipulate and agree that none of the information contained within the documents reviewed by counsel for Plaintiff can be shared with Plaintiff or used at all in this case until and if the steps set forth below have been satisfied.

2

7.     If after his review of the files, counsel for Plaintiff requests that certain documents be produced as "CONFIDENTIAL" pursuant to the Stipulation and Protective Order previously entered by the Court, he and counsel for Defendants will confer and attempt to reach an agreement on the proposed documents.

8.     If the parties cannot reach an agreement after good faith conferral, Plaintiff will file a motion with the Court seeking an *in camera* review of the disputed documents requesting that the Court make a determination as to the discoverability of the disputed documents.  Said motion shall be filed under seal pursuant to the terms of D.C.COLO.LCivR 7.2.

9.     After inspection, should the Court determine that some or all of the submitted documents are discoverable, Defendants will label those documents as "CONFIDENTIAL" and they shall be subject to the terms of the Stipulation and Protective Order previously entered in this case.  Counsel for Plaintiff will only be permitted to share with his client information contained within any document from the personnel files should the Court order the document containing that information be produced.

**DATED** this _____ day of _____, 2010.

                                 **BY THE COURT:**

                                 _____
                                 Richard P. Matsch
                                 United States District Court Judge

**STIPULATED AND AGREED TO:**

s/ Brice A. Tondre
*Brice A. Tondre*
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
Telephone:  (303) 296-3300
Facsimile:  (303) 238-5310
e-mail:  briceatondrepc@msn.com
*Attorney for Plaintiff*


s/ Eric M. Ziporin
*Eric M. Ziporin*
**SENTER GOLDFARB & RICE, L.L.C.**
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  (303) 320-0509
Facsimile:  (303) 320-0210
e-mail:  gfahlsing@sgrllc.com
*Attorney for Defendants*